UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RIMA JONES, **Plaintiff,**

v. Civil Action No. 3:17-cv-507-DJH

COMMONWEALTH OF KENTUCKY
UNEMPLOYMENT INSURANCE COMMISSION, **Defendant.**

\* \* \* \* \*

### **MEMORANDUM OPINION**

On November 13, 2019, the Court entered an Order directing *pro se* Plaintiff Rima Jones to file a response to Defendant's motion to dismiss this action within 10 days of entry of the Order (Docket No. 58). The Court warned Plaintiff that failure to comply with the Order would result in dismissal of this action.

More than 10 days have passed and Plaintiff has not filed a response or otherwise taken any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with a straightforward order, despite being warned that dismissal would occur without compliance, shows that Plaintiff has abandoned any interest in prosecuting this action. Therefore, this action will be dismissed by separate Order.

Date: December 6, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of Record
4415.011